STATE OF NORTH CAROLINA v. KENNETH RAY SMITH

No. 9319SC136

(Filed 1 March 1994)

**Evidence and Witnesses § 2616 (NCI4th) — rape of stepdaughter — statements to wife — not a marital communication**

The trial court did not err in a prosecution of defendant for the attempted rape of his twelve-year-old stepdaughter by permitting his wife to testify that defendant had admitted to her that he had sexually abused the girl. Defendant's confession was driven by his own psychological motivations rather than by any confidence induced by the marital relationship. N.C.G.S. § 8-57(b)(5).

**Am Jur 2d, Witnesses §§ 152 et seq.**

Appeal by defendant from judgment and commitment entered 13 February 1992 by Judge Thomas W. Seay, Jr., in Rowan County Superior Court. Heard in the Court of Appeals 19 October 1993.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Daniel C. Oakley, for the State.*

*R. Marshall Bickett, Jr., for defendant appellant.*

COZORT, Judge.

Defendant appeals from a conviction of attempted first degree rape of his twelve-year-old stepdaughter. We find no error.

STATE v. SMITH

[113 N.C. App. 827 (1994)]

The State presented the following evidence. On 30 July 1989, defendant lived with his wife, his twelve-year-old stepdaughter, and his eight-year-old son. Defendant was at home with the two children. Defendant began fondling the girl as she sat on his lap. Defendant asked the girl if she wanted him to come into her room. She said, "No." After watching television, each person went to his or her respective bedroom. The girl went to her room and used stuffed animals to make it appear that she was in bed. She then went back to the living room and ducked down beside the couch. Defendant came back to the living room without his clothes on. Defendant then took the girl into his bedroom and told her to take her clothes off. Defendant placed a plastic bag on his penis with two rubber bands, got on top of the girl, and started to have sexual intercourse with her. Defendant had almost completed penetration when his wife returned home from work and knocked on the locked bedroom door. The girl hid in the closet. When defendant's wife came into the room, she saw the girl in the closet, and the girl came out of the closet crying. Defendant's wife began screaming at defendant. She then asked the girl if defendant had assaulted her, and the girl responded that he had. Defendant's wife took the children to her mother's and father's house. Defendant's wife and the boy eventually moved back into the house with defendant. The girl remained with her grandparents.

Sometime after the incident, defendant took his wife into the bedroom and confessed that he had assaulted the girl. Defendant took a rifle and put it to his mouth and asked his wife to pull the trigger. Defendant stated he wanted his wife to pull the trigger because he could not go to heaven if he committed suicide. Defendant later recanted the confession. Defendant's wife also testified that in the past every time she had threatened to leave defendant, he threatened to kill himself.

Defendant denied the incident and testified that he went to bed, and the girl came out of the closet when his wife came into the bedroom. Defendant further testified that sometime around Christmas he put a gun in his mouth and asked his wife to pull the trigger. He stated: "I heard a bunch of what [the girl] was supposed to have said about me and I told her, I said that if that's what y'all want to hear, I will tell you just to keep from putting me out of my misery because it got so I couldn't hardly handle it anymore."

**STATE v. SMITH**

[113 N.C. App. 827 (1994)]

Defendant was convicted of one count of attempted first degree rape and sentenced to six years in prison.

Defendant's sole argument on appeal is that the trial court erred in permitting his wife to testify that defendant had admitted to her that he had sexually abused the girl. Specifically, defendant argues that the communication was a privileged confidential marital communication which should have been excluded from evidence. We disagree. N.C. Gen. Stat. § 8-57 (1986) provides in part:

> (b) The spouse of the defendant shall be competent but not compellable to testify for the State against the defendant in any criminal action or grand jury proceedings, except that the spouse of the defendant shall be both competent and compellable to so testify:
>
> * * * *
>
> (5) In a prosecution of one spouse for any other criminal offense against the minor child of either spouse, including any illegitimate or adopted or foster child of either spouse.
>
> (c) No husband or wife shall be compellable in any event to disclose any confidential communication made by one to the other during their marriage.

In *State v. Holmes*, 330 N.C. 826, 829, 412 S.E.2d 660, 662 (1992), the North Carolina Supreme Court concluded that "while section 8-57 modifies the [common law] rule against adverse spousal testimony, it preserves the [common law] rule against disclosure of confidential marital communications." The Court stated:

> N.C.G.S. § 8-56 provides essentially that while no husband or wife shall be compellable to disclose any confidential communications made by one to the other during their marriage, each is 'competent and compellable to give evidence, as any other witness, on behalf of any party to such suit, action or proceeding.' On the other hand, N.C.G.S. 8-57, when read properly, provides that the spouse of a defendant is competent to testify for or against a defendant and may be compelled to testify for the State and against defendant in the five instances listed in section 8-57(b), provided that '[n]o husband or wife shall be compellable *in any event* to disclose any confidential communications made by one to the other during their marriage.' Neither of these statutes destroys the common law

KIMBRELL'S OF SANFORD v. KPS, INC.

[113 N.C. App. 830 (1994)]

privilege against disclosure of confidential marital communications; rather, they protect the privilege.

*Id.* at 834, 412 S.E.2d at 664 (emphasis in the original). A communication is a confidential marital communication if it is "induced by the marital relationship and prompted by the affection, confidence, and loyalty engendered by such relationship." *State v. Freeman*, 302 N.C. 591, 598, 276 S.E.2d 450, 454 (1981).

We find that defendant's admission to his wife that he had sexual intercourse with the girl was not a marital communication induced by the marital relationship and prompted by the affection, confidence, and loyalty engendered by such relationship. Defendant's wife testified that she had threatened to leave defendant on several occasions and that he had threatened to kill himself. She further testified that on the occasion that defendant admitted that he had assaulted the girl, defendant asked her to pull the trigger so that he could go to heaven. Defendant later recanted the confession. Defendant testified that he confessed and asked his wife to pull the trigger because "he couldn't hardly handle it anymore." We agree with the State that defendant's confession was driven by his own psychological motivations rather than by any confidence induced by the marital relationship. Since the confession was not a marital communication, we find the evidence admissible pursuant to N.C. Gen. Stat. § 8-57(b)(5).

No error.

Judges EAGLES and ORR concur.